**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00506-CMA-MEH

JOEL RICHARDSON, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES, LLC,

      Defendant.

---

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF THE MOTION TO TRANSFER AND CONSOLIDATE
CURRENTLY PENDING BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES**

---

## NOTICE OF MOTION TO STAY

TO DEFENDANT AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Joel Richardson, ("Plaintiff"), by and through his attorney, will and hereby does move to stay the present action pending resolution of the Motion to Transfer and Consolidate, currently pending before the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel").

This Motion is based on the fact that eight virtually-identical actions are now pending in against the same Defendant, based on the same legal and factual contentions, in eight different states, including six judicial districts.   Because these actions involve common issues of fact and law, to conserve judicial resource and avoid the inherent risk of inconsistent rulings by multiple district court judges regarding the overlapping classes, and to serve the convenience of witnesses and parties, the Plaintiffs in the California case filed a motion to transfer all of the related actions to the Northern District of California for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. That motion is now pending before the Joint Panel on Multidistrict Litigation, which ordered briefing on or before April 15, 2013,[1] and should be heard in just two months during the Panel's May 30, 2013 hearing session. However, in order to avoid inconsistent rulings while that motion is pending, and to conserve judicial resources and alleviate the burden on all parties, this Court should stay the pending action pending the determination of the transfer motion by the Joint Panel on Multidistrict Litigation.

Plaintiff's counsel gave notice to Defendant's counsel of their intention to seek a stay of these proceedings pending the determination by the JPML, however, Defendant's counsel declined without providing any explanation.[2]

---

[1] See *MDL No. 2448*: Dkt. No. 4.
[2] See accompanying declaration of Robert W. Mills, ("Mills Decl."), Exhibits A, B.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs in at least eight states, including six judicial districts, have filed complaints against Defendant Anheuser-Busch Companies, LLC ("AB"), alleging virtually identical legal claims based on virtually identical facts.[3]  Specifically, Plaintiffs in each of those actions allege that AB mislabels its malt beverages by overstating the percentage of alcohol as a matter of uniform corporate policy.   Each of the parties in those related actions now faces disclosure and case management obligations, and at least one motion to dismiss has been filed, and many more will likely be filed in the next 14 days.[4]  Because these actions involve common issues of fact and law, to conserve judicial resource and avoid the inherent risk of inconsistent rulings by multiple district court judges regarding the overlapping classes, and to serve the convenience of witnesses and parties, the Plaintiffs in the Northern District of California Action[5] filed a motion to transfer all of the related actions to that Court for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.[6] That motion, (referred to herein as the "Transfer Motion"), is now pending before the Multidistrict Panel, which ordered briefing on or before April 15, 2013, and should be heard in just two months during the Panel's May 30, 2013 hearing session.[7]

However, the purposes of 28 U.S.C. § 1407, "the convenience of parties and witnesses and . . . the just and efficient conduct of such actions," would be undermined

---

[3] See *MDL 2448* Motion to Transfer, Attached as Exhibit A to the Accompanying Request for Judicial Notice.
[4] See Mills Decl., ¶ 7
[5] Those plaintiffs are also represented by Richardson's attorney and other counsel.
[6] *Id.*
[7] See *MDL No. 2448*: Dkt. No. 4; http://www.jpml.uscourts.gov/hearing-information

if this Court, and the other five district courts, were required to entertain challenges to virtually identical pleadings, conduct scheduling conferences, hear discovery motions and otherwise waste valuable judicial resources, while the Transfer Motion is pending. Further, by virtue of the overlapping classes, there is a strong possibility of inconsistent rulings by multiple district court judges, including regarding the pending motion to dismiss on file in the State of Texas. Lastly, all parties will be forced to engage in costly law and motion and discovery efforts, participate in multiple case management conferences, and follow duplicative disclosure obligations under deadlines that will likely be rendered moot by the transfer and consolidation of these related actions. As such, Plaintiff respectfully requests that this Court stay this action pending the determination of the Multidistrict Panel.

## II.     ARGUMENT

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (citations omitted). See also *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'" *Lundy, supra,* at *1 (quoting *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 809 (C.D.Cal.1998)).

### A. Staying this Action Will Preserve Judicial Resources

Staying this action will prevent inconsistent rulings and also preserve judicial resources. "Judicial resources would best be conserved by imposing a stay until the transfer issue is resolved so that, if the transfer is finalized, the JPML court can determine all pretrial matters in a coordinated manner." *F.D.I.C. v. Countrywide Fin.*

4

RICHARDSON v. ANHEUSER BUSCH COMPANIES, LLC

*Corp.*, 2011 WL 4372915 (D. Colo. Sept. 19, 2011). See also *Lilak v. Pfizer Corp., Inc.*, 2008 WL 4924632, at \*3 (D. Colo. Nov. 13, 2008) (staying case pending MDL transfer to promote judicial economy); *Franklin v. Merck & Co., Inc.*, 2007 WL 188264, at \*2 (D. Colo. Jan. 24, 2007) (". . . granting a stay would promote judicial economy and help insure consistent pretrial rulings"). "Almost by definition, little or no judicial resources are expended during the pendency of a stay." *Bd. of Trustees of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002).

### B. Defendant Will Suffer No Prejudice by a Brief Stay

Each of the related cases was filed within the last thirty-five days. Further, Plaintiff anticipates that the Transfer Motion will be heard at the upcoming Multidistrict Panel hearing in just two months, on May 30, 2013.[8] The parties' responses are due on April 15, 2013.[9] Accordingly, the requested stay will be extremely short in duration in the event these matters are not transferred and consolidated. "Indeed, avoiding the risk of inconsistent judgments and the interests of judicial economy will ordinarily outweigh any slight delay caused by a stay pending an MDL panel's ruling." *Deutsche Bank Trust Co. Americas v. Fushimi*, 2011 WL 5864987 (D. Colo. Nov. 22, 2011) (citing *Lilak v. Pfizer Corp.*, 2008 WL 4924632, at \*3 (D.Colo. Nov. 13, 2008)). On the other hand, if the JPML denies transfer, the plaintiffs in each of the related actions ". . . would have 'unnecessarily [been] prejudiced as [they] would be [simultaneously prosecuting] similar suits in multiple jurisdictions,' creating duplicative discovery and motions practice.' *F.D.I.C. v. Countrywide Fin. Corp.*, 2011 WL 4372915 (D. Colo. Sept. 19, 2011) (citing *Franklin, supra*, at \*2, \*3.). "There is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the MDL Panel is resolved,

---

[8] http://www.jpml.uscourts.gov/hearing-information
[9] See *MDL No. 2448*: Dkt. No. 4.

as transfer of this matter to another court would render redundant the efforts of this Court." *Fuller v. Amerigas Propane, Inc.,* 2009 WL 2390358 (N.D. Cal. Aug. 3, 2009).

If these proceedings are not stayed, all of the parties will be forced to engage in unnecessary, expensive and duplicative motion practice, burden the courts with needless case management obligations, and risk the possibility of inconsistent rulings across the overlapping classes, all of which could be mooted by the transfer and consolidation of these actions. See also Manual for Complex Litigation (Fourth) § 22.35 (2009) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.").

## III.    CONCLUSION

"The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within the Court's discretion." *Lyman v. Asbestos Defendants (B\*P)*, 2007 WL 2972926 (N.D. Cal. Oct. 10, 2007).  Given the circumstances presented--the short duration of the requested stay, the judicial resources saved, and the cost savings to all parties, Plaintiff respectfully requests that this Court issue a stay of these proceedings pending the decision of the Multidistrict Panel.

Dated: March 28, 2013                     Respectfully submitted,
                                          *Original signature on file at the Mills Law Firm*
                                          **THE MILLS LAW FIRM**

                                          By: _____
                                          Robert W. Mills (SBN 062154)
                                          880 Las Gallinas Avenue, Suite 2
                                          San Rafael, California 94903
                                          Telephone: (415) 455-1326
                                          Facsimile: (415) 455-1327

E-Mail: Robert@millslawfirm.com

*Attorney for Plaintiff Joel Richardson, and the
Proposed Class*