IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-00506-CMA

**JOEL RICHARDSON, Individually and On Behalf of All Others Similarly Situated**,

      Plaintiff,

v.

**ANHEUSER-BUSCH COMPANIES, LLC**,

      Defendant.

**ANHEUSER-BUSCH COMPANIES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MOTION TO TRANSFER AND CONSOLIDATE CURRENTLY PENDING BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

### I.   INTRODUCTION

This Court should deny a stay in this case and should hear Anheuser-Busch Companies, LLC's ("Anheuser-Busch") motion to dismiss because Plaintiff brings claims that are founded solely on state law and are subject to dismissal under the exclusive Colorado and federal regulatory scheme governing beer labels. A stay seriously prejudices the nonmoving party, Anheuser-Busch, while Plaintiff will not suffer harm if the motion is denied.

Plaintiff filed this class action lawsuit alleging that certain of Anheuser-Busch's beers have lower alcohol content than the precise amount specified on the products' labels. His Complaint is one of six similar class actions filed in federal courts around the

country based on the same general allegations of misleading alcohol content labeling.[1] These lawsuits immediately prompted significant negative media coverage about Anheuser-Busch and its products—coverage that primarily arose from the statements of one of the lead plaintiffs' attorneys involved in these actions. Topel Decl., Ex. 1.

Anheuser-Busch has expeditiously moved to dismiss these lawsuits. Plaintiff's complaint fails to acknowledge that the State of Colorado and the federal government both have declared in regulations that the actual alcohol content of a beer may vary from the alcohol content on its label up to 0.3% under or over the stated alcohol by volume ("ABV"). 1 CCR 203-2, Regulation 47-904; 27 C.F.R. §7.71(c). Plaintiffs' counsel seeks a stay to avoid having to litigate these issues. The pretext for their stay request is that they have filed a petition with the Judicial Panel on Multidistrict Litigation ("JPML") seeking to create an MDL. But there is no disputing that an MDL petition "does not affect or suspend" proceedings in any district court where an action is pending, and it does not affect the district court's jurisdiction to rule on any issues presented to it. J.P.M.L. Rule 2.1(d). It is within this Court's discretionary power to issue such a stay, but it should only do so after the moving party demonstrates that a stay is warranted. Plaintiff has failed to meet this burden for a number of reasons.

*First*, these cases do not present a risk of duplicative litigation warranting a stay because the legal issues implicated by Plaintiff's claims all concern Colorado law. Courts have recognized that where a motion to dismiss concerns issues of state law, a

---

[1] *Giampaoli v. Anheuser-Busch Cos.*, No. 13-CV-828 (N.D. Cal. filed Feb. 2, 2013); *Wilson v. Anheuser-Busch Cos.*, No. 13-CV-1122 (D.N.J. filed Feb. 25, 2013); *Hopkins v. Anheuser-Busch Cos.*, No. 13-CV-413 (N.D. Oh. filed Feb. 26, 2013); *Richardson v. Anheuser-Busch Cos.*, No. 13-CV-506 (D. Colo. filed Feb. 27, 2013); *Seidenstein v. Anheuser-Busch Cos.*, No. 13-CV-917 (N.D. Tex. filed Feb. 28, 2013). In addition to these federal cases, two similar class actions were filed in state court in Missouri and Florida. *Murray v. Anheuser-Busch Cos.*, (Mo. Cir. Ct.); *King v. Anheuser-Busch Cos.*, No. 2013 10829 CIDL 01 (Fla. Cir. Ct.). Only the six federal cases are subject of the MDL transfer request.

stay is inappropriate because the state law issues must be resolved regardless of whether this case gets transferred for pretrial discovery or not. Adjudication of the threshold issue of whether Plaintiff can state a claim under Colorado law should not be delayed to a later date, particularly since the JPML has a history of denying requests to consolidate basic consumer fraud cases premised on mislabeling.

*Second*, Plaintiff has not identified any prejudice to him that would be caused by this Court's denial of his requested stay.

*Third*, Anheuser-Busch would be harmed by a stay in this matter. Anheuser-Busch has received significant negative publicity due to these allegations, and it has a strong interest in having its motion to dismiss adjudicated expeditiously in order to offset the media's amplification of Plaintiff's allegations.

**II.     BACKGROUND**

Plaintiff filed a putative class action in this matter on February 27, 2013. The complaint alleges that Anheuser-Busch intentionally produces beers that contain less alcohol than the precise amount stated on the products' labels. Based on these allegations, Plaintiff brings claims under (1) the Colorado Consumer Protection Act ("CCPA") (Colo. Rev. Stat. §§ 6-1-101); (2) breach of implied warranty of mechantability (C.R.S. §4-2-314 *et seq.*; and (5) the Magnusson-Moss Warranty Act ("MMWA") (15 U.S.C. §2301 *et seq.*)

The fact section of the Complaint consists of a total of nine paragraphs. Plaintiff alleges that he "took AB's stated percentage of alcohol into account in making his purchases, and "would not have purchased AB's malt beverages had he known that AB's representations were false." Compl. ¶ 6. Plaintiff does not claim to have tested the alcohol content of any of the beer that he purchased or upon which he sued.

3

Plaintiff does not allege that Anheuser-Busch products have an alcohol content that is lower than 0.3% below the ABV on the label.

Within one week of the filing of the complaint in this action, other complaints were filed in federal district courts in five other states. All complaints seek relief based on, *inter alia*, breaches of each state's law of the implied warranty of merchantability, the MMWA, and the various state consumer protection statutes. In each action, the common MMWA claim is predicated upon, and utterly dependent upon, the legal viability of the breach of the implied warranty of merchantability claim under each state's law. *See* 15 U.S.C. §§ 2301(7), 2310(d)(1)(B).

In connection with the filings of these complaints, The Mills Law Firm of San Rafael, California, engaged in a media campaign against Anheuser-Busch. Although The Mills Law Firm is counsel of record in only three pending actions,[2] including this action, Mr. Joshua Boxer of that firm boasted to the media that he was the lead attorney coordinating all the lawsuits in various states. Topel Decl., Ex. 1. As soon as these lawsuits were filed, Mr. Boxer broke out his soap box to spread news of these allegations. Mr. Boxer sent statements to a variety of media outlets, generating significant nationwide publicity for his allegations against Anheuser-Busch. These out of court statements by counsel generated significant nationwide publicity.

Anheuser-Busch responded quickly to the complaints, filing motions to dismiss in each action after a short extension of time. On April 8, 2013, Anheuser-Busch filed a motion to dismiss in this action. *See* Memorandum In Support of Motion to Dismiss, Dkt. 18. Anheuser-Busch's motion to dismiss focuses on the fact that, in regards to labeling, the State of Colorado has declared in regulations that the actual alcohol

---

[2] *Giampaoli v. Anheuser-Busch Cos.*, No. 13-CV-828 (N.D. Cal. filed Feb. 2, 2013); *Richardson v. Anheuser-Busch Cos.*, No. 13-CV-506 (D. Colo. filed Feb. 27, 2013); *Murray v. Anheuser-Busch Cos.*, (Mo. Cir. Ct.).

content of a beer may vary from the alcohol content on its label by as much as 0.3% under or over the stated ABV.  1 CCR 203-2, Regulation 47-904; 27 C.F.R. § 7.71(c).

In light of the Colorado regulatory scheme, Anheuser-Busch moved to dismiss for four reasons.  First, the CCPA includes an express regulatory compliance exemption providing that the act does not apply to "[c]onduct in compliance with the orders or rules of, or a statute administered by, a federal, state, or local government agency."  Col. Rev. Stat. §6-1-106(a).  Second, basic interpretive principles require the scope of Plaintiff's claims to be construed in harmony with the more specific provisions of the Code and its regulations that expressly permit a 0.3% tolerance from the ABV percentage found on the product label.  Third, the complaint's allegations are too vague and conclusory to plausibly allege causation or injury absent any factual allegations that the alcohol content was allegedly overstated by amounts in excess of the 0.3% tolerance permitted by Colorado law.  Finally, Plaintiff lacks standing to sue for brands they did not purchase and lack standing to seek injunctive and declaratory relief. Anheuser-Busch's motion relies heavily on Colorado's adoption of the legally allowable variance, Colorado's extensive regulatory scheme governing alcohol sales and distribution, and the legal standards specific to Plaintiff's state law claims.

The day after Anheuser-Busch filed its first motion to dismiss in these matters, The Mills Law Firm filed a motion before the JPML seeking transfer of all of these cases to the Northern District of California pursuant to 28 U.S.C. § 1407.  Plaintiff in this matter subsequently filed a motion supporting that request.  On April 15, 2013, Anheuser-Busch filed in the JPML its opposition to the MDL motion.  Topel Decl., Ex. 1.  The JPML has set the § 1407 petition for hearing on May 30, 2013.

After initiating these numerous class actions and generating negative media coverage of Anheuser-Busch and its products, plaintiffs now seek to use their MDL

petition to bring the motions to dismiss to a halt. On April 10, 2013, Plaintiff filed a supplemental declaration in this action. Plaintiff's supplemental declaration attached an order granting a stay motion in the United States District Court of the District of Pennsylvania. Supplemental Declaration of Robert Mills ("Supp. Mills Decl."), Ex. C. Plaintiff admits, however, that the order was granted *before* Anheuser-Busch had the opportunity to oppose the stay in a timely fashion pursuant to local rule. *Id.*, ¶ 5 & Ex. D. After Plaintiff filed his supplemental declaration, the Pennsylvania court granted Anheuser-Busch's motion for reconsideration and vacated its order entering the stay. Topel Decl., Ex. 1.

The motion for a stay has to date been adjudicated by two different courts, which have reached divergent decisions. The United States District Court for the Northern District of Texas granted the motion for a stay pending decision by the JPML. Topel Decl., Ex. 1. The United States District Court for the District of Ohio reached the opposite conclusion in denying plaintiff's motion for a stay. *Id.*

### III. LEGAL STANDARD

In his supplemental brief, Plaintiff suggests that stays pending adjudication of § 1407 transfer petitions are routine. But the cases he cites are cases in which the *defendant* requested the stay, not the plaintiff, and they involve no prejudice resulting from delay. The JPML Rules expressly provide that a motion requesting an MDL "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. Rule 2.1(d); *see also In re Four Seasons Securities Litig.*, 362 F. Supp. 574, 575 n. 2 (J.P.M.L. 1973) ("The mere pendency of a motion before the Panel . . . does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision."). "The Panel rules are very explicit that consideration by the Panel either on

its own initiative or on motion of a party **does not in any way affect** the proceedings of the action in the district courts." Patricia D. Howard, A Guide to Multidistrict Litig., 75 F.R.D. 577, 583 (emphasis added).  The JPML certainly contemplates that district courts will rule on preliminary motions, including motions to dismiss, before the Panel issues a decision on an MDL request.  *Id.* ("In the event an action before the Panel is dismissed . . . we would appreciate being advised of this development so that we may act accordingly.").  In fact, even when the Panel has decided to grant an MDL request (which it has not done here), it has stayed MDL transfers in order to allow district courts to rule on motions to dismiss.  *See, e.g.*, *In re Kaehni Patent*, 311 F. Supp. 1342, 1344 (J.P.M.L. 1970).

When determining whether a stay is warranted, courts consider the following factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Multidistrict Litig. Manual § 3:15.  In addition, courts should also consider the likelihood that the requested MDL petition will be granted.  *See St. Joe Co. v. Transocean Offshore Deepwater Drilling, Inc.*, 774 F. Supp. 2d 596, 614 (D. Del. 2011); *Hawthorne v. Boehringer Ingelheim Pharmaceuticals, Inc.*, CIV.A. 12-1203, 2012 WL 3576621, at *3 (E.D. La. Aug. 20, 2012); *Republic of Panama v. Am. Tobacco Co., Inc.*, CIV. A. 98-3279, 1999 WL 350030, at n. 2 (E.D. La. May 28, 1999) (denying plaintiff's motion to stay and remanding the case, noting "there is a likelihood that the JPML may not accept this case"), *vacated on other grounds by Republic of Panama v. Am. Tobacco Co. Inc.*, 217 F.3d 343 (5th Cir. 2000).  If the JPML is unlikely to grant the requested relief, there is no reason to delay.

## IV. CONCERNS REGARDING DUPLICATIVE LITIGATION DO NOT JUSTIFY A STAY OF THE ADJUDICATION OF DEFENDANT'S MOTION TO DISMISS

Plaintiff's primary argument in support of his motion is that a stay is warranted in this matter because there is a risk of inconsistent rulings on overlapping issues in the various cases. Pl.'s Mem. at p. 4. As an initial matter, Plaintiff's argument in this regard misstates the law. Even assuming that the JPML granted the requested petition (which it will not), if this Court ruled on Anheuser-Busch's motion and dismissed Plaintiff's Complaint, that ruling would not be reconsidered by the transferee court, because the case would not be transferred at all. *See In re Kaehni Patent*, 311 F. Supp. at 1344 (refusing to consolidate case where motion to dismiss was pending and noting that "if the motion is granted, there of course will be no transfer").

### A. Regardless Of Whether The JPML Grants Or Denies Plaintiff's Motion For Consolidation, Adjudicating The Motion To Dismiss Would Not Waste Judicial Resources Because The Motion Involves Issues Of Colorado Law

Plaintiff's Colorado law claims should be adjudicated by a Colorado judge. Plaintiff's concern about inconsistent rulings is also unfounded because each case presents issues unique to the laws of that state, and all of the plaintiffs assert claims entirely dependent on the varying states' laws. Plaintiff presents no authority to support his contention that these cases present issues that must be decided on a consistent basis. And, despite the common allegations of wrongdoing, the fact that each complaint is dependent on state law claims and will be judged by the applicable state law belies Plaintiff's contention in this regard.

Numerous courts have denied requests to stay proceeding pending a JPML decision when the cases involved threshold issues, such as a motion to dismiss, particular to the individual cases. *See Weathersby v. Lincoln Electric Co.*, No. 03-0398, 2003 WL 21088119 (E.D. La. 2003) (refusing to stay ruling on motion to dismiss

pending JPML ruling); *In re Diet Drugs Products Liability Litig.*, 2004 WL 1535828, at *1, n.2 (July 6, 2004); *Burns v. Gerber Products Co.*, No. 12-CV-5027-EFS, 2013 WL 518664, at *1 (E.D. Wa. Feb. 12, 2013) (noting that the court ruled on a motion to dismiss prior to granting stay pending JPML decision); *Aetna U.S. Healthcare, Inc. v. Hoescht Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1047-48 (D. Kan. 1999); *Muller v. M.D. Sass Associates, Inc.*, No. Civ. A. 91-3762, 1992 WL 80938, at *3-4 (D.N.J. Apr. 22, 1992) (refusing to stay ruling on motion to dismiss pending outcome of related MDL).

Moreover, denial of a stay is particularly appropriate where, as here, the plaintiffs' claims are dependent on state law.  *See Weathersby*, 2003 WL 21088119 (denying stay request, ruling on defendants' motion to dismiss, and stating, "Plaintiffs have specifically alleged only state law claims. Any federal court considering those claims must apply Louisiana law. This Court has jurisdiction to decide any issues presented to it, even pending an MDL ruling transferring the case."); *Collet v. Fried*, No. Civ. A. 03-526, 2004 WL 3103776, at *2 (E.D. Ky. July 15, 2004) ("Here, judicial economy is best served by addressing the remand issue prior to any transfer of this case to MDL as the primary issue on remand is whether a Kentucky resident, under Kentucky state law, had a reasonable possibility of recovery against a Kentucky doctor.").

Plaintiff's Complaint is entirely dependent upon claims asserted under the laws of Colorado.  Moreover, Anheuser-Busch's motion to dismiss raises numerous threshold issues specific to Colorado law, including the regulatory safe harbor of the CCPA, which provides that Plaintiff cannot bring a claim based on "[c]onduct in compliance with the orders or rules of, or a statute administered by, a federal, state, or local government agency." Col. Rev. Stat. §6-1-106(a).  Anheuser-Busch's motion also concerns the effect of Colorado's alcohol regulatory scheme and its adoption of the legally allowable

variance, and the standards for asserting claims for violation of the CCCPA and breach of the implied warranty of merchantability (as interpreted by Colorado courts).[3] Regardless of whether an MDL is created, Plaintiff's claims will have to be decided under Colorado law, and it serves judicial economy for these Colorado claims to be decided by this Court, sitting in Colorado.

### B. In Any Event, The JPML Is Likely To Deny The Motion For Consolidation

The fundamental flaw in Plaintiff's motion is that he assumes, without citation to authority, that the JPML will grant the requested MDL petition. Plaintiff's entire motion relies on this assumption, as it is the basis for his argument that judicial resources will be wasted by ruling on Anheuser-Busch's motion. Pl.'s Mem. at 5. Contrary to Plaintiff's unsupported contention, it is apparent that the JPML will deny the MDL request for at least five reasons.

First, the case is not complicated enough to support an MDL. In seeking an MDL, "the movants bear a *strong burden* of showing that the common factual questions are *sufficiently complex* and the accompanying *discovery will be so time-consuming* as to justify transfer under Section 1407." *In re Magic Marker Secs. Litig.*, 470 F. Supp. 862, 865 (J.P.M.L. 1979) (emphasis added). Here, the key question at the core of these claims are legal ones, *not* factual ones: where a beer's alcohol content is within the variance allowed by state regulation, do the consumer fraud and implied warranty laws of the particular state permit civil liability for fraud or breach of warranty just because the

---

[3] Plaintiffs may rely on various commentary about the federal standard. But such commentary does not concern alcohol beverage labeling; it instead deals with carbohydrate regulations and the accuracy of measuring devices. In any event, agency opinions are not relevant here because the language permitting the 0.3% tolerance is unambiguous, and agency opinions are not relevant as an interpretive matter unless a statute or regulation is ambiguous. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984); *Echevarria v. Chi. Title & Trust Co.,* 256 F.3d 623, 629 (7th Cir. 2001).

alcohol content does not quite reach the ABV stated on the label?  *See, e.g., In re Aegon USA, Inc. Supplemental Cancer Ins. Litig.*, 571 F. Supp. 2d 1369, 1369 (J.P.M.L. 2008) (denying request for consolidation because "[t]he key issue is thus legal rather than factual, and the need for extensive overlapping discovery appears unlikely."). The factual issues are not complex or numerous enough to justify the creation of an MDL because there is no dispute that many of the products identified by Plaintiff do not have exactly the ABV stated on the label.  *See In re Nutella Mktg. and Sales Practices Litig.*, 804 F. Supp. 2d 1374,1375 (J.P.M.L 2011) (denying unopposed motion for centralization where shared factual allegations did "not appear complicated"); *In re Arizona Beverage Co. Products Mktg. and Sales Practices Litig.*, 609 F.Supp.2d 1369, 1369 (J.P.M.L. 2009); *In re Skinnygirl Margarita Beverage Mktg. and Sales Practice Litig.,* 829 F.Supp.2d 1380, 1381 (J.P.M.L. 2011).

Second, the JPML repeatedly has recognized that where the legal questions are governed by differing state laws, that factor weighs heavily against Section 1407 transfer.  *See, e.g., Skinnygirl Margarita*, 829 F. Supp. 2d at 1381 ("[C]entralization may not prevent either conflicting or multiple rulings, because plaintiffs bring their claims under the laws of different states."); *Arizona Beverage*, 609 F. Supp. 2d at 1369; *In re Rite Aid Corp. Wage & Hour Employment Practices Litig.*, 655 F. Supp. 2d 1376 (J.P.M.L. 2009).  Plaintiffs assert that this case is about the applicability of federal regulations, but the regulatory schemes of various states differ, and this provides grounds to deny consolidation.  *In re Title Ins. Real Estate Settlement Procedures Act & Antitrust Litig.*, 560 F.Supp.2d 1374, 1376 (J.P.M.L. 2009) (denying centralization where there were "variances in insurance regulation and law in each state").

Third, individual issues of reliance, causation and damages are not common and do not involve common discovery.  *Skinnygirl Margarita*, 829 F. Supp. 2d at 1381

11

(denying consolidation because "[u]nder some state laws, the state of mind or reliance by individual purchasers may be a critical factor; in others it may not."). Many people buy beer for its taste, its price, or out of brand loyalty, and may be totally unaware of the alcohol content on the label. The JPML has recognized that centralization in an MDL is inappropriate where the law regarding requirements of reliance, causation and damages differs. *In re Yellow Brass Plumbing Component Products Liab. Litig.*, 2012 WL 432528, *2 (J.P.M.L. Feb. 9, 2012); *In re Shoulder Pain Pump-Chondrolysis Prods. Liab. Litig.*, 571 F. Supp. 2d 1367, 1368 (J.P.M.L. 2008).

Fourth, this is not a simple class action challenging one product. Here, Plaintiff purports to challenge *eleven* different products with different taste profile, recipe, and brewing procedures. The JPML has recognized that differences among products are a reason to deny MDL requests. *In re Children's Personal Care Products Liab. Litig.*, 655 F. Supp. 2d 1365, 1366 (J.P.M.L. 2009) ("common issues are overshadowed by the uncommon," including that "[m]ore than ten different baby products with differing formulations are involved.").

Fifth, MDL treatment is inappropriate here because the plaintiffs are represented by only a few law firms that are cooperating as a group. The Mills Law Firm filed three cases in three different states, and only three other law firms are involved. These three other law firms are cooperating with the Mills Law Firm. Plaintiff cannot manufacture a multiplicity of suits to get MDL status. *In re Boehringer Ingelheim Pharms., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011); *In re Rite Aid Corp. Wage and Hour Emp't Practices Litig.,* 655 F.Supp.2d at 1377 (denying centralization where plaintiffs in four of six actions shared counsel); *In re Trilegiant Membership Program Mktg. & Sales Practices Litig.*, 828 F.Supp.2d 1362, 1363 (J.P.M.L. 2011). If the lawyers involved in the cases are the same or are cooperating,

then they can take a number of voluntary measures to avoid unnecessary duplication of discovery on their own, without the need for Section 1407 transfer. *In re Children's Pers. Care Prods. Liab. Litig.*, 655 F. Supp. 2d 1365, 1366 (J.P.M.L. 2009); *In re Boehringer Ingelheim Pharms., Inc., FLSA Litig.*, 763 F. Supp. 2d at 1378.

Many of the cases cited by Plaintiff in support of a stay involve circumstances where an MDL had already been established and a conditional transfer order issued. Because no MDL has been established in this matter and such a proceeding is likely never to be established, Plaintiff's concerns about waste of judicial resources are unfounded.

## V.     PLAINTIFF WILL NOT BE PREJUDICED IF THE STAY IS DENIED

Plaintiff does not even attempt to meet his burden by identifying prejudice that will ensue if the stay is denied. Plaintiff's inability to identify any potential prejudice is unsurprising because Plaintiff can't complain about having to oppose a motion to dismiss.

While Plaintiff does not identify any prejudice, Plaintiff suggests that stays are routinely granted. But nearly all the cases cited by Plaintiff concerns stays sought by *defendants* after the JPML had already established an MDL transferee court. *See* Pl.'s Mem. At 4-6 (citing *FDIC v. Countrywide Fin. Corp.*, 2011 U.S. Dist. LEXIS 105558 (D. Colo. Sept. 19, 2011) (granting motion to stay brought by defendant where the JPML had already created MDL and issued conditional transfer order transferring case to different court); *Lundy v. C.B. Fleet Co., Inc.*, 2009 U.S. Dist. LEXIS 62160 (D. Colo. July 6, 2009); *FDIC v. Countrywide Fin. Corp.*, 2011 U.S. Dist. LEXIS 105558 (D. Colo. Sept. 19, 2011); *Lilak v. Pfizer Corp.*, 2008 U.S. Dist. LEXIS 95535 (D. Colo. Nov. 13, 2008); *Franklin v. Merck & Co., Inc.*, 2007 U.S. Dist. LEXIS 5010 (D. Colo. Jan. 24, 2007); *Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d

900 (N.D. Ill. 2002); *Fuller v. AmeriGas Propane, Inc.*, 2009 U.S. Dist. LEXIS 71413 (N.D. Cal. Aug. 3, 2009); *Lyman v. Asbestos Defendants*, 2007 U.S. Dist. LEXIS 78766 (N.D. Cal. Oct. 10, 2007); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388 (D. Colo. Mar. 30, 2006). None of these cases supports Plaintiff's position that this Court should stay its ruling on the motion to dismiss.[4]

This case involves the unusual circumstance where the Plaintiff, rather than the defendant, sought to stay the litigation. None of the cases cited by Plaintiff for the proposition that stays are routinely granted when sought by the defendant are relevant given the procedural posture of this litigation. Plaintiff recently made his allegations to much fanfare, and Anheuser-Busch asks only that Plaintiff be required to establish their legal sufficiency within the same general timeframe that the rules ordinarily provide. Plaintiff will have to do it at some point, regardless. His request for a stay is without merit.

## VI. ANHEUSER-BUSCH WILL BE PREJUDICED IF THE STAY IS GRANTED

Anheuser-Busch would be prejudiced by any stay because it possesses legitimate and important business interests in expeditious adjudication since dismissal of the complaint can help dispel the barrage of negative publicity orchestrated by Plaintiff's counsel in connection with the filing of the complaints. The prejudice caused by any delay in obtaining dismissal of this lawsuit is significant because Plaintiff's

---

[4] In this instance, Plaintiffs' concern about case management orders and discovery is premature because no case management conference has yet been held and discovery is already stayed under the Federal Rules. *See*, e.g., *Shemper v. B.P. Am., Inc.*, 2010 U.S. Dist. LEXIS 85665 *1 (S.D. Miss. July 19, 2010) (denying request for stay of discovery pending ruling by JPML because "discovery in this matter is automatically stayed pending the initial case management conference."). The question for this Court is not whether discovery should be stayed, but merely whether the motion to dismiss should be adjudicated.

complaint – not to mention public statements in the media expounding on it – squarely impugn the quality of Anheuser-Busch's beers and the integrity of the company. In the words of lead counsel for the Plaintiff, "there are millions of consumers out there who feel cheated, and we've been flood[ed] with phone calls and e-mails from people who feel the same way, and those people feel that they deserve restitution for the excess water that they have been paying good money for." Topel Dec. ¶3, Ex. 1 (CNBC Interview 2/27/13). In light of the public reaction that Plaintiff's counsel says he has received, Anheuser-Busch's defense – that these scurrilous allegations lack legal merit and the conduct alleged is permitted under federal and state law – deserves a timely adjudication.

The prejudice to Anheuser-Busch is particularly weighty given the length of delay. The JPML has set a hearing on Plaintiff's Motion to Consolidate for May 30, 2013. Even if the Motion to Consolidate were denied instantly, a stay would cause delay. Further, in the event that the JPML did order consolidation, a stay would mean that no court would pass on the issues of Colorado law presented by Anheuser-Busch until after a consolidated amended complaint was filed, a new motion to dismiss briefed, and such a motion adjudicated. Such a scenario could easily result in Anheuser-Busch's motion not being adjudicated for another year.

Where, as here, the defendant possesses a potentially meritorious motion to dismiss, courts have denied attempts to obtain a stay because "defendants would be prejudiced by the delay of dismissal of plaintiffs' claims against them if dismissal is appropriate at this early stage of the proceedings." *Weathersby*, 2003 WL 21088119 *3. This Court should do the same here.

**VII.   CONCLUSION**

For all the reasons stated above, this Court should deny Plaintiff's request for a stay.

Dated:  April 22, 2013            Respectfully submitted,

*Original signature on file at the law firm of Wheeler Trigg O'Donnell LLP*

*s/John R. Trigg*
John R. Trigg (#833)
N. Reid Neureiter (#29747)
Michele On-ja Choe (#43656)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303-244-1879
Email: trigg@wtotrial.com
          choe@wtotrial.com
          neureiter@wtotrial.com


*s/Marcus S. Topel*
Marcus S. Topel
Daniel F. Cook
Brian P. Brosnahan
Jacob N. Foster
Kasowitz, Benson, Torres & Friedman LLP
101 California Street, Suite 2300
San Francisco, California 94111
Telephone: 415.655.4309
Facsimile:  415.520.0727
Email:   mtopel@kasowitz.com
            dcook@kasowitz.com
            bbrosnahan@kasowitz.com
            jfoster@kasowitz.com

*Attorneys for Defendant
Anheuser-Busch Companies, LLC*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on April 22, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Brian Paul Brosnahan**
  bbrosnahan@kasowitz.com

- **Michele On-Ja Choe**
  choe@wtotrial.com, hanson@wtotrial.com, sun@wtotrial.com

- **Daniel Frederick Cook**
  dcook@kasowitz.com

- **Jacob Nathaniel Foster**
  jfoster@kasowitz.com

- **Robert Wade Mills**
  rwm@millslawfirm.com, josh@millslawfirm.com, corey@millslawfirm.com, lorna@millslawfirm.com

- **Marcus Sanders Topel**
  mtopel@kasowitz.com

- **John R. Trigg**
  trigg@wtotrial.com, allen@wtotrial.com, testa@wtotrial.com, schechter@wtotrial.com

- **N. Reid Neureiter**
  neureiter@wtotrial.com

*Original signature on file at the law firm of Wheeler Trigg O'Donnell LLP*

*s/John R. Trigg*
John R. Trigg (#833)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303-244-1879
Email:   trigg@wtotrial.com