**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00506-CMA-MEH

JOEL RICHARDSON, on behalf of
himself and all others similarly situated,

      Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES, LLC,

      Defendant.

_____

**THIRD SUPPLEMENTAL DECLARATION OF ROBERT W. MILLS IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MOTION TO
TRANSFER AND CONSOLIDATE CURRENTLY PENDING BEFORE THE JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**
_____

      I, Robert W. Mills, declare as follows:

      1.  I am an attorney and counsel of record for Plaintiff Joel Richardson, ("Plaintiff") in the above-entitled matter.  I am licensed to practice law before this Court.  I make this declaration based upon my personal and first-hand knowledge, unless otherwise indicated, and if called and sworn as a witness, I could and would competently testify thereto.

      2.  Plaintiff previously moved the Court to stay this case pending the JPML's decision on a motion to transfer and consolidate this case and five other related other cases to the Northern District of California (Dkt. 13).

3.  Plaintiff filed his reply brief in support of said motion to stay on April 23, 2013.

4.  On March 28, 2013, the Plaintiffs in the California action filed a motion to stay that action pending the decision of the JPML, which motion contained virtually the same arguments that Plaintiff Joel Richardson makes in this case.  A true and correct copy of the motion to stay filed in the California action is attached hereto as **Exhibit A**.

5.  On April 23, 2013, the court granted such stay. In his Order, Judge Chen noted:

> A stay of this matter would result in minimal prejudice to Defendant. The JPML hearing on Plaintiffs' motion to transfer and consolidate is currently scheduled for May 30, 2013, suggesting that a stay would be in effect for only a short period of time. If the JPML denies Plaintiffs' motion, this Court can quickly resume consideration of Defendant's pending motion to dismiss. If the JPML grants the motion, staying this action serves judicial economy, as a potential transferee court could consider similar legal and factual questions in a coordinated fashion.

A true and correct copy of the order granting the stay is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the State of Colorado, and of the United States, that the foregoing is true and correct to the best of my knowledge, and that I could competently testify as to these facts if called as a witness.  Executed in San Rafael, California.

Dated: April 23, 2013          Respectfully submitted,
*Original signature on file at The Mills Law Firm*
**THE MILLS LAW FIRM**
By:   _/s/ Robert W. Mills_____
Robert W. Mills (SBN 062154)
880 Las Gallinas Avenue, Suite 2
San Rafael, California 94903
Telephone: (415) 455-1326
Facsimile: (415) 455-1327
E-Mail: Robert@millslawfirm.com

*Attorney for Plaintiff Joel Richardson, and the Proposed Class*

# EXHIBIT A

**THE MILLS LAW FIRM**
Robert W. Mills, Esq. (Bar No. 062154)
rwm@millslawfirm.com
Joshua D. Boxer, Esq. (Bar No. 226712)
josh@millslawfirm.com
Corey B. Bennett, Esq. (Bar No. 267816)
corey@millslawfirm.com
880 Las Gallinas Avenue, Suite 2
San Rafael, California 94903
Telephone: (415) 455-1326
Facsimile: (415) 455-1327
            -and-
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER**
Robert Bramson, Esq. (Bar No. 102006)
rbramson@bramsonplutzik.com
2125 Oak Grove Rd., Suite 120
Walnut Creek, CA 94598
Tel (925) 945-0200
Fax (925) 945-8792
*Attorneys for Plaintiffs Nina Giampaoli & John Elbert*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA GIAMPAOLI and JOHN ELBERT, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>ANHEUSER-BUSCH COMPANIES, LLC,<br><br>Defendant. | Case No. CV-13-00828 EMC<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MOTION TO TRANSFER AND CONSOLIDATE CURRENTLY PENDING BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:       May 9, 2013**<br>**Time:       1:30 p.m.**<br>**Location:   Courtroom 5**<br><br>**DEMAND FOR JURY TRIAL** |

GIAMPAOLI v. ANHEUSER-BUSCH COMPANIES, LLC

## NOTICE OF MOTION TO STAY

TO DEFENDANT AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on May 9, 2013, at 1:30 p.m. before the Honorable Edward M. Chen, at 450 Golden Gate Avenue, Courtroom 5, San Francisco, California, Plaintiffs Nina Giampaoli and John Elbert ("Plaintiffs"), by and through their attorneys, will and hereby do move to stay the present action pending resolution of the Motion to Transfer and Consolidate, currently pending before the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel").

This Motion is based on the fact that eight virtually-identical actions are now pending in against the same Defendant, based on the same legal and factual contentions, in eight different states, including six judicial districts.  Because these actions involve common issues of fact and law, to conserve judicial resources and avoid the inherent risk of inconsistent rulings by multiple district court judges regarding the overlapping classes, and to serve the convenience of witnesses and parties, the Plaintiffs in this case filed a motion to transfer all of the related actions to this Court for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. That motion is now pending before the Joint Panel on Multidistrict Litigation, and should be heard in just two months during the Panel's May 30, 2013 hearing session. However, in order to avoid inconsistent rulings while that motion is pending, and to conserve judicial resources and alleviate the burden on all parties, this Court should stay the pending action pending the determination of the transfer motion by the Joint Panel on Multidistrict Litigation.

Plaintiffs' counsel gave notice to Defendant's counsel of their intention to seek a stay of these proceedings pending the determination by the JPML, however, Defendants' counsel declined without providing any explanation.[1]

---

[1] See accompanying declaration of Joshua D. Boxer, ("Boxer Decl."), Exhibits A, B.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   INTRODUCTION

Plaintiffs in at least eight states, including six judicial districts, have filed complaints against Defendant Anheuser-Busch Companies, LLC ("AB"), alleging virtually identical legal claims based on virtually identical facts.[2]  Specifically, Plaintiffs in each of those actions allege that AB mislabels its malt beverages by overstating the percentage of alcohol as a matter of uniform corporate policy.   Each of the parties in those related actions now faces disclosure and case management obligations, and at least one motion to dismiss has been filed,[3] and many more will likely be filed in the coming weeks.  Because these actions involve common issues of fact and law, to conserve judicial resources and avoid the inherent risk of inconsistent rulings by multiple district court judges regarding the overlapping classes, and to serve the convenience of witnesses and parties, the Plaintiffs filed a motion to transfer all of the related actions to this Court for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.[4]  That motion, (referred to herein as the "Transfer Motion"), is now pending before the Multidistrict Panel.  The Panel assigned the matter MDL No. 2448, and ordered that any responsive briefing be filed on or before April 15, 2013.[5]  The Transfer Motion is expected to be heard in just two months, during the Panel's May 30, 2013 hearing session.[6]

However, the purposes of 28 U.S.C. § 1407, "the convenience of parties and witnesses and . . . the just and efficient conduct of such actions," would be undermined if this Court, and the other five district courts, were required to entertain challenges to virtually identical pleadings,

---

[2] See *MDL 2448* Motion to Transfer, Attached as Exhibit A to the Accompanying Request for Judicial Notice.

[3] See Boxer Decl., ¶7.

[4] *Id.*

[5] A true and correct copy of the Briefing Schedule issued by the JPML on March 25, 2013 is attached to the Request for Judicial Notice as Exhibit B.

[6] See http://www.jpml.uscourts.gov/hearing-information.

conduct scheduling conferences, hear discovery motions and otherwise waste valuable judicial resources, while the Transfer Motion is pending.   Further, by virtue of the overlapping classes, there is a strong possibility of inconsistent rulings by multiple district court judges.   In fact, there is already one motion to dismiss pending (in the Texas action), and Plaintiffs anticipate that several more motions, making virtually-identical arguments, will be filed in multiple judicial districts in the coming weeks.[7]   This includes a motion expected to be filed in this Court on April 8, 2013, the deadline for Defendant to file its initial pleading.[8]   If these cases are not stayed, eight judges will be called upon to rule on the same issues, creating a strong possibility of inconsistent rulings involving multiple, overlapping classes.   Lastly, all parties will be forced to engage in costly law and motion and discovery efforts, participate in multiple case management conferences, and follow duplicative disclosure obligations under deadlines that will likely be rendered moot by the transfer and consolidation of these related actions.   As such, Plaintiffs respectfully request that this Court stay this action pending the determination of the Multidistrict Panel.

## II.   ARGUMENT

### A.  Staying this Action Will Preserve Judicial Resources

"Evaluation of the matter turns on two factors: (1) the possibility of hardship or prejudice to the parties; and (2) the interests of conserving judicial resources by avoiding duplicative litigation if the cases are in fact consolidated by the MDL panel." *Genetic Technologies Ltd. v. Agilent Technologies, Inc.*, 2012 WL 2906571, at *2 (N.D. Cal. July 16, 2012).   However, "[w]hen evaluating a motion to stay, a primary factor the court should consider is the preservation of judicial resources." *Gonzalez v. Organon USA*, 2013 WL 664551 (N.D. Cal. Feb. 22, 2013). Accordingly, ". . . it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with

---

[7] See Boxer Decl., ¶7.
[8] See Dkt. No. 9. This is also the deadline for AB to file its response in the Colorado, New Jersey, Pennsylvania, and Missouri (state court) action.  See Boxer Decl., ¶8.

the MDL Panel because of the judicial resources that are conserved."   *Rivers v. Walt Disney Co.*,

980 F. Supp. 1358, 1362 (C.D. Cal. 1997).   "Courts frequently grant stays pending a decision by

the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F.

Supp. 2d 804, 809 (N.D. Cal. 1998).  This is true even when there are motions pending. *Gonzalez,*

*supra,* citing *Freitas v. McKesson Corp.*, 2012 WL 161211 (N.D.Cal.Jan.10, 2012); *Nichols v.*

*DePuy Orthopaedics, Inc.,* 2011 WL 5335619 (N.D.Cal. Nov.2, 2011); *McCrerey v. Merck & Co.*,

2005 WL 6124182 (S.D.Cal. Mar.3, 2005).

       In *Barnes v. Equinox Group, Inc.*, 2010 WL 5479624, at *2 (N.D. Cal. Dec. 30, 2010), the

Court noted that

> . . . proceeding to the initial case management conference where
> this Court will set discovery, alternative dispute resolution, class
> certification, and dispositive motion deadlines, as well as a trial
> date, is not the most efficient use of judicial resources or the
> parties' time and money given the potential that those dates may
> ultimately be vacated and re-set by the transferee court if the MDL
> Panel grants the motion to transfer.

See also Manual for Complex Litigation (Fourth) § 22.35 (2009) ("A stay pending the Panel's

decision can increase efficiency and consistency, particularly when the transferor court believes

that a transfer order is likely and when the pending motions raise issues likely to be raised in other

cases as well.").

       Similarly, in *Rivers, supra* at 1360–61, the court explained the significance of the wasted

judicial resources by denying a motion to stay under these circumstances:

> First, if this case is consolidated . . . and this Court is not assigned
> by the [Multidistrict] Panel to preside over the consolidated
> litigation, this Court will have needlessly expended its energies
> familiarizing itself with the intricacies of a case that would be
> heard by another judge. And second, any efforts on behalf of this
> Court concerning case management will most likely have to be
> replicated by the judge that is assigned to handle the consolidated
> litigation . . . Therefore, there is a great deal of this Court's time
> and energy that could be saved by staying the instant case pending
> the [Multidistrict] Panel decision.

> In addition, even if this Court denied [the] motion to stay, ruled upon more substantive motions, such as class certification, and then the matter was transferred to another court, there are no guarantees that an order by this Court would not later be vacated and this Court's investment of time and resources would not have been in vain.

"Almost by definition, little or no judicial resources are expended during the pendency of a stay." *Bd. of Trustees of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002).

**B.  Defendant Will Suffer No Prejudice:**

All of the related cases, each filed within the last thirty-five days, are still in their infancy. Further, the MDL panel ordered briefing regarding Plaintiff's Transfer Motion for April 15, 2013 and Plaintiffs anticipate that the motion will be heard at the upcoming Multidistrict Panel hearing in just two months, on May 30, 2013.[9]  Accordingly, the requested stay will be extremely short in duration in the event these matters are not transferred and consolidated.   Finding no prejudice under similar circumstances, Judge Henderson ruled that "[c]onsidering that both cases for which MDL treatment is sought are in very early procedural stages and that the MDL Panel is expected to hear this matter within a few months, any delay caused by this stay will be of very short duration, and unlikely to cause the degradation of memories or the loss of material evidence." *Fuller v. Amerigas Propane, Inc.,* 2009 WL 2390358 (N.D. Cal. Aug. 3, 2009).  Judge Henderson further concluded that "[t]here is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the MDL Panel is resolved, as transfer of this matter to another court would render redundant the efforts of this Court." *Id.*

If these proceedings are not stayed pending the ruling by the Multidistrict Panel, each of the impacted courts with be burdened with needless case management obligations, the parties run the risk of inconsistent rulings across the overlapping classes, and the parties will be forced to engage in unnecessary, expensive and duplicative motion practice, all of which could be mooted

---

[9] http://www.jpml.uscourts.gov/hearing-information

by the transfer and consolidation of these actions. See *Nielsen v. Merck & Co.*, 2007 WL 806510 (N.D. Cal. Mar. 15, 2007) (". . . [A]bsent a stay, Merck would suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums."). ". . . [T]he weight of authority suggests that granting a stay in order to avoid inconsistent rulings under these circumstances is both routine and advisable."  *Rubio v. Arndal*, 2013 WL 796669 (E.D. Cal. Mar. 4, 2013). "[I]f a case is transferred for consolidated pretrial proceedings, orders of the transferee court may duplicate or conflict with orders of a transferor court that continued pretrial proceedings without a stay." *Id.* See also *Blalock v. DePuy Orthopaedics, Inc.*, 2011 WL 6217540 (N.D. Cal. Dec. 14, 2011), ". . . [T]he potential burden of engaging in duplicative litigation weighs heavily in favor of staying these proceedings pending MDL transfer." *Id.* ". . . [I]f the MDL Panel transfers and consolidates the cases, the parties will be in a position to coordinate the discovery involved in each of the cases, thereby reducing the costs for *both* parties. Thus, the Court finds that the potential prejudice to the parties of expending unnecessary time and costs weighs in favor of staying the case until the MDL Panel issues its decision." *Barnes v. Equinox Group, Inc.*, 2010 WL 5479624 (N.D. Cal. Dec. 30, 2010).

## III.    CONCLUSION

"The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within the Court's discretion." *Lyman v. Asbestos Defendants (B*P)*, 2007 WL 2972926 (N.D. Cal. Oct. 10, 2007).   Given the circumstances presented--the short duration of the requested stay, the judicial resources saved, the possibility of inconsistent rulings, and the cost savings to all parties, Plaintiffs respectfully request that this Court issue a stay of these proceedings pending the determination by the Multidistrict Panel.

Dated: March 28, 2013                    Respectfully submitted,
                                         **THE MILLS LAW FIRM**


                                         By: ___/s/ Joshua D. Boxer_____
                                         Robert W. Mills (SBN 062154)

1

2       Joshua D. Boxer (SBN 226712)
        Corey B. Bennett (SBN 267816)
3
        **BRAMSON, PLUTZIK, MAHLER &**
4       **BIRKHAEUSER**

5
        By:    /s/ Robert M. Bramson
6       Robert Bramson, Esq. (Bar No. 102006)

7       *Attorneys for Plaintiffs Nina Giampaoli, John*
        *Elbert, and the Proposed Classes*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1
2
3
4
5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8     NINA GIAMPAOLI, *et al.*,                    No. C-13-0828 EMC

9              Plaintiffs,

10        v.                                       **ORDER GRANTING PLAINTIFFS'
                                                   MOTION TO STAY**
11    ANHEUSER-BUSCH COMPANIES, LLC,
                                                   **(Docket No. 11)**
12             Defendant.
      _____/
13

14

15        Currently pending before the Court is Plaintiffs' motion to stay this matter until the Judicial

16    Panel on Multidistrict Litigation (JPML) rules on Plaintiffs' motion to transfer and consolidate this

17    and five other cases.  Based on its review of the papers, the Court concludes a hearing on the motion

18    is not necessary and a ruling may be issued based on the papers alone.

19        Courts considering motions to stay pending a JPML ruling should take into account:  (1) the

20    possibility of hardship or prejudice to the parties; and (2) the interest of conserving judicial

21    resources.  *See, e.g.*, *Genetic Techs. Ltd. v. Agilent Techs., Inc.*, No. C-12-1616 RS, 2012 WL

22    2906571, at *2 (N.D. Cal. July 16, 2012).  A stay of this matter would result in minimal prejudice to

23    Defendant.  The JPML hearing on Plaintiffs' motion to transfer and consolidate is currently

24    scheduled for May 30, 2013, suggesting that a stay would be in effect for only a short period of time.

25    If the JPML denies Plaintiffs' motion, this Court can quickly resume consideration of Defendant's

26    pending motion to dismiss.  If the JPML grants the motion, staying this action serves judicial

27    economy, as a potential transferee court could consider similar legal and factual questions in a

28    coordinated fashion.

**United States District Court**
For the Northern District of California

1      Thus, the Court **GRANTS** Plaintiffs' motion to stay and stays this action pending resolution

2  of Plaintiffs' motion to transfer and consolidate currently before the JPML.  The Court hereby stays

3  all pending deadlines in the case and takes off calendar the hearings for Plaintiffs' motion to stay

4  and Defendant's motion to dismiss.  The case management conference is re-set for June 20, 2013.

5  Plaintiff's motion to shorten time is denied as moot.

6      This order disposes of Docket Nos. 11 and 16.

7

8      IT IS SO ORDERED.

9

10  Dated:  April 23, 2013

11

12  _____
    EDWARD M. CHEN

13  United States District Judge

**United States District Court**
For the Northern District of California

2