IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00506-RM-MEH

JOEL RICHARDSON, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

ANHEUSER-BUSCH COMPANIES, LLC,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 23, 2013.**

    Plaintiff's Motion to Stay Proceedings Pending Resolution of the Motion to Transfer and Consolidate Currently Pending Before the Judicial Panel on Multidistrict Litigation ["JPML"] [filed March 28, 2013; docket #13] is **denied without prejudice** as follows. Plaintiff seeks a stay of proceedings pending a ruling on Plaintiff's motion to transfer and consolidate this action for multidistrict litigation. Both parties anticipate a ruling on the motion to transfer at a hearing scheduled before the JPML for May 30, 2013. Defendant opposes the present motion[1] to the extent that a stay of proceedings will delay adjudication of Defendant's motion to dismiss; however, the motion to dismiss will not become ripe in this case until a reply brief is filed, which is currently due May 30, 2013.[2] The Plaintiff does not dispute that he seeks a stay of the adjudication of the motion to dismiss pending the JPML's ruling.[3] Because there is no need for a stay before the motion to dismiss becomes ripe on May 30, 2013 and because the parties anticipate a ruling on the motion to transfer on May 30, 2013, the Court finds the present motion is premature. In the event that the JPML does not issue a ruling on the motion to transfer on May 30, 2013, the Plaintiff may re-file his motion after that time.

    Consistent with this order, the oral argument requested by Defendant and currently scheduled for May 30, 2013 is **vacated**. The Scheduling Conference currently set for May 30, 2013 is **vacated and rescheduled** for **June 5, 2013**, at **9:45 a.m.** in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. If this date is not convenient, counsel should confer with opposing counsel and contact my Chambers to obtain an

---

[1] Contrary to Plaintiff's assertion, Defendant's opposition was timely filed pursuant to Fed. R. Civ. P. 6(d), D.C. Colo. LCivR 7.1C and this Court's Electronic Case Filing Procedures.

[2] *See* citations in n. 1 for a proper briefing schedule.

[3] While the Plaintiff mentions his desire for a stay of the briefing on the motion to dismiss, he filed a response to the motion on May 13, 2013. *See* docket #29.

alternate date. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the conference.

In the event the JPML grants the motion to transfer on or before June 5, 2013, the Plaintiff shall file a motion seeking to vacate the scheduling conference.

Lawyers whose offices are located outside of the Denver metropolitan area may appear at scheduling conferences by telephone. Please contact Chambers at (303) 844-4507 at least five business days prior to the scheduling conference to arrange appearance by telephone. Lawyers appearing by telephone must ensure that the proposed Scheduling Order is filed electronically and by email no later than five business days prior to the scheduling conference, in accordance with the instructions in this minute order.

Any out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the Scheduling Conference.

The parties are further advised that they shall not assume that the Court will grant the relief requested in any motion. Failure to appear at a Court-ordered conference or to comply with a Court-ordered deadline which has not be vacated by Court order may result in the imposition of sanctions.

Finally, the parties or counsel attending the Conference should be prepared to informally discuss the case to determine whether an early neutral evaluation is appropriate. There is no requirement to submit confidential position statements/letters to the Court at the Scheduling Conference or to have parties present who have full authority to negotiate all terms and demands presented by the case.

Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2B.